IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ROBERT C. NELSON,**

       **Plaintiff,**                                        **Case No. 2:09-CV-1010**

      **vs.**                                                     **Magistrate Judge King**

**FEDERAL BUREAU OF PRISONS,**

       **Defendant.**

## OPINION AND ORDER

Plaintiff, a federal prisoner proceeding without the assistance of counsel, brings this action pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.* ("FTCA").  Plaintiff alleges that, while he was in the custody of the Federal Bureau of Prisons at a facility in Milan, Michigan, another inmate misappropriated his identity card and used it to purchase items from the commissary, charging plaintiff's account.  With the consent of the parties, 28 U.S.C. § 636(c), this matter is before the Court on the *Motion for Partial Summary Judgment*, Doc. No. 25, filed by defendant United States, on behalf of its agency, the Federal Bureau of Prisons ("BOP").[1]  Although plaintiff has been provided the opportunity to respond to the motion and has been advised of the consequences of his failure to respond, *Order*, Doc. No. 26, there has been no response to the motion for partial summary judgment.

Summary judgment is appropriate if the record establishes that there exists no genuine issue of material fact.  Fed. R. Civ. P.

---

[1] Plaintiff's *Amended Complaint* joins the United States as a defendant. *Amended Complaint*, Doc. No. 23.

56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The mere existence of a scintilla of evidence in support of the opposing party's position will be insufficient; there must be evidence on which the jury could reasonably find for the opposing party. *Anderson*, 477 U.S. at 251. *See also Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

In support of its motion for partial summary judgment, defendant submits documentary evidence. Because plaintiff has not responded to the motion for partial summary judgment, the facts stated in the papers in support of defendant's motion are accepted as true by the Court. *See* Fed. R. Civ. P. 56(e)(2). Specifically, on February 12, 2009, plaintiff submitted an administrative tort claim seeking recovery in the amount of $236.10. *Exhibit A*, p. 1, attached to Doc. No. 25. In support of his claim, plaintiff submitted a statement explaining that another inmate had stolen his identification card and had used it to charge $236.10 at the prison commissary. *Id*. at p. 2. Plaintiff's statement also recounts an allegedly similar theft involving a different inmate. *Id*. at p. 3. Plaintiff stated that, in the other incident, the inmate's money had been returned and that plaintiff is "seeking only the same relief." *Id*. On May 20, 2009, in response to plaintiff's administrative claim, "Defendant made an offer in compromise what was inadequate to Plaintiff." *Id*.; *Complaint*,[2] Doc. No. 2, ¶ 4.

On November 9, 2009, plaintiff filed this action, alleging that (1) the BOP's employees' negligence caused plaintiff to lose funds in

---

[2] Plaintiff's *Amended Complaint*, consisting of only three sentences, incorporates by reference all of the allegations contained in his original *Complaint*. For clarity, the Court will refer to the paragraph numbers in the original *Complaint*.

the amount of $236.10 (Count 1), and (2) the BOP acted in breach of its fiduciary duty when plaintiff lost $236.10 of his money that the BOP held in trust (Count 2). *Complaint*, ¶¶ 9-17. Plaintiff further alleges that the BOP's negligence and resulting investigation caused him to suffer mental anguish and emotional distress "in an amount to be determined in excess of Ten Thousand Dollars ($10,000.00)." *Id*. at ¶ 20.

Defendant moves for summary judgment as to Count 1 and as to any claim for damages based on emotional distress. Specifically, defendant contends that the FTCA prohibits recovery in an amount in excess of that claimed administratively. In addition, defendant argues that plaintiff's claim for emotional distress is barred by 28 U.S.C. § 1346(b)(2) because plaintiff, who is currently serving a sentence after having been convicted of a felony, does not also allege physical injury. Defendant further argues that plaintiff fails to state a claim for negligent examination of his identification card.

"Under the Federal Tort Claims Act, the Government may be sued for money damages 'under circumstances where the United States, if a private person, would be liable' under applicable state law." *Ferguson v. United States Army*, 938 F.2d 55, 56 (6th Cir. 1991) (quoting 28 U.S.C. § 1346(b)). An amount of money damages may not exceed the amount stated in the administrative claim unless the excess amount "is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts[.]" 28 U.S.C. § 2675(b). *See also Ianni v. United States*, 457 F.2d 804, 805 n.1 (6th Cir. 1972) (stating that Section 2675(b) "provides in

substance that the amount sued for under the Tort Claims Act may not be in excess of the amount stated in the claim presented to the appropriate administrative agency except on the basis of newly discovered evidence or because of intervening acts").  In this case, plaintiff offers no such newly discovered evidence or intervening acts to support his claim for damages in excess of $10,000.00.  Accordingly, plaintiff's claim is limited to the amount set forth in his administrative claim, *i.e.*, $236.10.  *See Exhibit A*, p. 1.

In addition, federal law provides that

> [n]o person convicted of a felony who is incarcerated while awaiting sentencing or while serving a sentence may bring a civil action against the United States or an agency, officer, or employee of the Government, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

28 U.S.C. § 1346(b)(2).  Plaintiff, previously convicted of a felony, is currently serving a prison sentence.  *See United States v. Nelson*, Case No. 2:05-cr-96(1)(S.D. Ohio December 16, 2005), Doc. No. 53.  Because plaintiff does not allege a physical injury, he cannot prevail on a claim for emotional distress.  Defendant is entitled to summary judgment on this claim.

Finally, as discussed *supra*, the FTCA renders the United States liable in a civil tort action such as this to the same extent that a private person would be liable under applicable state law.  28 U.S.C. §§ 1346(b)(1), 2674.  In Count 1, plaintiff alleges that BOP employees violated commissary procedures when they negligently failed to examine an identification card that was used in a prison commissary transaction on March 21, 2007, resulting in a loss of $236.10 from plaintiff's account.  *Complaint*, ¶¶ 9-12.  Because plaintiff was

incarcerated at the Federal Correctional Institution in Milan, Michigan during the relevant time period, *Complaint*, ¶ 1, Michigan state law applies. *See* 28 U.S.C. §§ 1346(b)(1), 2674. Defendant concedes that commissary procedures require that BOP staff obtain inmate identification when conducting a transaction, but argues that there is no "similar duty under Michigan law for retail establishments to obtain proper identification for <u>all</u> transactions[.]" *Motion for Partial Summary Judgment*, p. 6 (emphasis in original).

This Court declines to construe plaintiff's claim – or the FTCA – so narrowly. Plaintiff has asserted a negligence claim. Under Michigan law, a plaintiff must establish the following elements in order to state a claim for negligence: "(1) duty, (2) breach of duty, (3) causation, and (4) damages." *Romain v. Frankenmuth Mut. Ins. Co.*, 483 Mich. 18, 28, 762 N.W.2d 911 (2009). Here, defendant concedes that it owed a duty to plaintiff; defendant offers no evidence that plaintiff has not established the other elements of his negligence claim. Under these circumstances, the Court is not persuaded that defendant is entitled to summary judgment on Count 1.

**WHEREUPON**, defendant's *Motion for Partial Summary Judgment*, Doc. No. 25, is **GRANTED in part and DENIED in part**. Specifically,

1. As to Count 1, the *Motion for Partial Summary Judgment* is **DENIED**;
2. As to plaintiff's claim for damages based on emotional distress, the *Motion for Partial Summary Judgment* is **GRANTED**; and
3. As to limiting any recovery to the amount stated in plaintiff's administrative claim, the *Motion for Partial Summary Judgment* is **GRANTED**. If plaintiff later prevails on his remaining claims,

5

his recovery will be limited to $236.10.

The parties are **ORDERED** to file a written report, no later than May 13, 2011, on the status of this case and their readiness to proceed to trial.  Plaintiff is advised that, in light of his failure to respond to the *Motion for Partial Summary Judgment*, his failure to file a report by May 13, 2011 will be construed as an abandonment of the case and will result in the dismissal of the action for failure to prosecute.

<u>April 22, 2011</u>                              <u>     *s/Norah McCann King*     </u>
                                         Norah M<sup>c</sup>Cann King
                                     United States Magistrate Judge